UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEROY WILLIAMS,

    Petitioner,

-vs-                                        Case No. 8:07-CV-1153-T-30TBM

JAMES MCDONOUGH, SECRETARY,
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*,[1] initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "Petition") challenging a 2003 conviction for robbery entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). On July 9, 2007, the Court ordered Petitioner to either pay the filing fee in this action or submit an Affidavit of Indigency seeking permission to proceed *in forma*

---

[1] *Petitioner* is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. His failure to do so could result in sanctions, including dismissal of his claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $4.20 postage affixed thereto. A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

*pauperis* (Dkt. 3). Subsequently, Petitioner did file an Affidavit of Indigency; however, the document is incomplete (Dkt. 4). The Court is unable to reach a decision on a request to proceed *in forma pauperis* when the petitioner fails to provide a properly completed Affidavit of Indigency and a copy of his inmate trust account for the six month period preceding the filing of his petition.

Local Rule 1.03(e) (M.D. Fla.) provides that a prisoner case filed without payment of the required filing fee or application to proceed *in forma pauperis* is subject to dismissal within thirty (30) days of the commencement of the action unless the deficiency is corrected. To correct the deficiency, Petitioner must submit a corrected affidavit and copies of the statements for his inmate trust account statements reflecting activity in the account over the previous six months.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's incomplete Affidavit of Indigency (Dkt. 4) is **STRICKEN**.

2. The **Clerk** shall send Petitioner an Affidavit of Indigency form.

3. Petitioner shall, on or before **September 4, 2007**, either pay the required $5.00 filing fee or properly **complete and return** the affidavit form to the Clerk of Court. If Petitioner resubmits the affidavit, he **must** file a <u>statement</u> of his prisoner account reflecting transactions during the past six months, as required by Section VII of the affidavit form, <u>and</u> insure that an authorized official completes the <u>affidavit certificate</u> found on page 7 of said form. Failure to comply with this order within the allotted time will result in <u>**dismissal**</u> of

the case **without further notice**.

**DONE AND ORDERED** in Tampa, Florida, on _Aug 15th_, 2007.

_____
THOMAS B. McCOUN, III
UNITED STATES MAGISTRATE JUDGE

SA:sfc

Copy to: Petitioner pro se