UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEROY BUSTER WILLIAMS,

    Petitioner,

v.                                   CASE NO: 8:07-CV-1153-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Dkt. #1). The Court has considered the petition, Respondents' response, (Dkt. #18), and Petitioner's reply. (Dkt. #23). Upon review, the Court determines that the petition must be denied because the Petitioner fails to meet the requirements of §2254.

## BACKGROUND

Leroy Buddy Williams, (hereinafter referred to as "Petitioner"), was charged by information with robbery, a second degree felony. Petitioner proceeded to a jury trial on February 5, 2003, where he was found guilty. Petitioner was sentenced on March 31, 2003.

Petitioner filed a direct appeal and his conviction and sentence were affirmed *per curiam,* without opinion on June 30, 2004. Williams v. State 884 So.2d 37 (Fla. 2d DCA

2004). Petitioner made a motion for rehearing and to certify question, which was denied on August 26, 2004.

Petitioner filed a post-conviction motion pursuant to Fla. R. Crim. P. 3.850 on January 27, 2005. Petitioner stated five grounds to support his motion: (1) trial counsel was ineffective for failure to challenge the rendering of the verdict by person not selected, empaneled and sworn as a juror; (2) trial counsel was ineffective for not challenging the verdict because it was not unanimous; (3) trial counsel was ineffective for failure to file a motion to suppress dubious evidence used at trial, and not made available to Petitioner on motion for discovery; (4) trial counsel was ineffective for failure to object to the trial court limiting defense on re-cross examination; and (5) trial counsel was ineffective for failure to request a Richardson hearing[1] concerning the Prosecutor's suppression of evidence.

On March 29, 2005, the post-conviction court issued an order denying relief for grounds three, four and five and directing the state to show cause on grounds one and two. The court, after receiving the State's response and Petitioner's reply, granted an evidentiary hearing to resolve whether the original or a supplemental trial transcript was the true and accurate transcript. The court reporter testified that the supplemental trial transcript was the true and accurate transcript. Pursuant to the supplemental trial transcript, the court issued an order denying grounds one and two of Petitioner's post-conviction motion on January 3,

---

[1] A Richardson hearing concerns whether the State may admit evidence that has not been produced in discovery. The trial judge should inquire whether the violation was inadvertent or willful, whether it was trivial or substantial, and what effect the violation had on the ability of opposing counsel to prepare for trial. See Brazell v. State, 570 So.2d 919, 921, explaining Richardson v. State, 246 So.2d 771, 775 (Fla. 1971).

2006. Petitioner appealed and the post-conviction court was affirmed *per curiam*, without opinion on December 15, 2006. Williams v. State 944 So.2d 994 (Fla. 2d DCA 2006).

Petitioner filed a petition for a writ of habeas corpus on September 25, 2006, with the Second District Court of Appeal. The court treated the petition as alleging ineffective assistance of appellate counsel and denied the petition on October 16, 2006.

Petitioner exhausted his state remedies and timely filed the instant petition for habeas relief under 28 U.S.C. §2254.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "...a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2255(a). Where a State court initially considers the issue raised in the petition and enters a decision on the merits, 28 U.S.C. §2255(d) governs the review of those claims. See Perry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding.

28 U.S.C. §2254(d). Prince v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003). Finally a state court's factual finding is to be presumed to be correct and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1); *Henderson*, 353 F.3d at 890-91.

## DISCUSSION

Petitioner raises essentially three grounds in support of his §2254 motion: (1) his conviction was obtained in violation of due process and a fair trial when the prosecutor introduced inadmissible evidence; (2) ineffective assistance of counsel during trial; and, (3) ineffective assistance of counsel on direct appeal.

## GROUND ONE - INADMISSIBLE EVIDENCE

Ground one of Petitioner's motion alleges his conviction was obtained in violation of due process because the prosecutor introduced inadmissible evidence, testimony that Petitioner was the target of an undercover drug buy when the robbery for which he was on trial occurred. The prosecutor introduced this evidence in his opening statement and later supported it with testimony. Petitioner argues this evidence was inadmissible because it was highly prejudicial and not relevant to the crime for which he was on trial. Petitioner raised this issue on direct appeal and the Florida Court of Appeals, Second District affirmed the trial court *per curiam*, without opinion.

"A claim that an evidentiary ruling was allegedly incorrect under state law is not a basis for habeas relief." Estelle v. Mcguire, 502 U.S. 62, 72 (1991) The only issue for a federal habeas court is whether a ruling by the state court "so infected the entire trial that the resulting conviction violates due process." Id.(citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)).

Whether or not the contested testimony and facts should have been submitted into evidence was a state court decision. This Court must defer to the decisions of the state court on state law. Petitioner presented the issue on direct appeal and the trial court was affirmed. Absent a showing of a miscarriage of justice, this is not an issue for a federal court to review.

The evidence at issue here did not result in a miscarriage of justice. Petitioner was on trial for a robbery that occurred while he was the target of an undercover drug buy. Petitioner was approached by an undercover officer and an informant attempting to purchase illegal drugs. Petitioner did not offer them any drugs, but assaulted the informant and grabbed the cash intended for the drug buy. It is impossible to separate the facts of the robbery and that of the undercover drug buy. "Inextricably intertwined evidence or inseparable crime evidence may also be admitted because it is relevant and necessary to adequately describe the events leading up to the crime." Osborne v. State 743 So.2d 602, 602 (Fla. 4th DCA, 1999)(citing State v. Cohens, 701 So.2d 362, 364 (Fla. 2d DCA 1997)); U. S. v. Chappell, 307 Fed. Appx. 275 (11th Cir. 2009). The court's admission of the evidence was not a miscarriage of justice. Petitioner's first claim will be denied.

## GROUND TWO - INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner claims ineffective assistance of trial counsel, claiming seven different incidents of trial counsel's deficient performance: (1) not objecting to prosecution's statements about Petitioner being the target of undercover drug buy; (2) not objecting to admission of a photocopy of five twenty dollar bills and not requiring proof of the chain of custody of the twenty-dollar bills; (3) not objecting to a non-juror participating in rendering the verdict; (4) not objecting to the verdict because it was not unanimous; (5) not motioning to suppress dubious evidence not made available during discovery; (6) failing to object to trial court's limitation of defense during a re-cross examination of a witness; and (7) failing to request a Richardson hearing to inquire why the prosecutor kept a recording of the incident from entering into evidence.

Petitioner's first claim is that trial counsel was ineffective for not objecting to the admissibility of evidence. Petitioner was the target of an undercover drug buy. As discussed above in ground one, this is an evidentiary issue that is not appropriate for federal habeas review. See Estelle at 72. Petitioner raised the evidentiary issue on direct appeal and lost. Since the evidence was admissible, an objection to it would have been unsuccessful. Petitioner's claim that trial counsel was ineffective for not objecting to the evidence has no merit.

Petitioner contends that a photocopy of the twenty-dollar bills that were stolen should not have been admitted into evidence. The trial court's decision to allow the photo into evidence was affirmed by the state appellate court on Petitioner's direct appeal. The

admissibility of the photocopy is an issue for state courts to decide based on its rules of evidence. It is not a claim that the federal habeas court can decide. Estelle at 72. In a very similar case, a Florida appellate court held photocopies are admissible into evidence if there is sufficiently competent evidence, such as an agent's testimony, to prove the veracity of the photocopy. See Clark v. State 924 So. 2d 922, 923 (Fla. 3d DCA 2006). Since the photo was appropriately admitted, trial counsel's performance was not deficient for failing to object.

Alternatively, Petitioner claims trial counsel was ineffective for not questioning the chain of custody of the stolen twenty-dollar bills. Petitioner raised this issue in his post-conviction motion. The post-conviction court applied Strickland and found Petitioner failed to show how trial counsel's failure to object prejudiced Petitioner's case because the police officer gave direct testimony about the robbery. Petitioner does not allege that the post-conviction court misapplied Strickland.

Petitioner's third and fourth allegations concern the jury and the rendering of a unanimous verdict. The original trial transcript showed the court polled only five of the six jurors and one of the jurors was not sworn as a member of the jury. A supplemental transcript was prepared by the court reporter. The post-conviction court held a hearing because of the discrepancy between the transcripts. The court reporter testified that she had made a mistake in the first transcript, and upon reviewing her notes and her audio recording, she made the appropriate corrections and filed a supplemental transcript. Pursuant to the court reporter's testimony at the hearing, the post-conviction court held that the supplemental

trial transcript was the true and accurate transcript.

The supplemental trial transcript shows that all six of the jurors were polled and all were sworn as jurors. "In a federal habeas corpus case brought by a state prisoner, the absence of a perfect transcript does not violate due process absent a showing of specific prejudice." White v. Florida, Dep't of Corrections 939 F.2d 912, 914 (11th Cir. 1991) (citations omitted). While the original transcript was not perfect, the error was corrected. Petitioner's due process rights were not violated. As the post-conviction court found, the supplemental trial transcript shows that Petitioner's claims concerning the jury are without merit.

Allegations five, six and seven were also reviewed by the post-conviction court on Petitioner's 3.850 motion. Petitioner contends that the photocopy of the twenty-dollar bills was not made available in discovery. The post-conviction court reviewed the record and found that the photo was in fact disclosed in discovery. Further, the court found that even if the Petitioner's counsel had moved to exclude the photos from evidence and was successful, the exclusion would not have resulted in a reasonable probability of a different outcome because the officer testified directly about the facts of the robbery. Therefore, Petitioner's claim fails because it is factually incorrect and does not show prejudice to his case.

Petitioner's sixth allegation is that trial counsel failed to object to the trial court's limitation of re-cross examination of a witness. The post-conviction court denied Petitioner's claim and found that it was within the trial court's discretion to limit re-cross examination

because the question asked by trial counsel was not relevant and re-cross is limited to new matters that arise on redirect. This is also true under federal law. <u>U. S. v. Adams</u>, 133 Fed. Appx. 642 (11th Cir. 2005). Trial counsel's objection would have been non-meritorious, and it is not deficient performance of counsel to not raise non-meritorious issues. <u>See</u> <u>Chandler v. Moore</u>, 240 F.3d 907, 913-14 (not ineffective assistance of counsel to fail to raise non-meritorious issues).

     In Petitioner's seventh allegation of ineffective assistance of trial counsel, Petitioner claims that trial counsel was ineffective for failing to request a Richardson hearing. Petitioner alleges it was necessary to inquire why the Prosecutor kept a recording of the incident from entering evidence. Petitioner's claim is factually wrong. A Richardson hearing is only necessary if there is discovery violation. <u>See</u> <u>Richardson</u> at 775. In this case, the post-conviction court found that the recording was disclosed in discovery by the prosecutor. Therefore, there was no violation by the prosecutor and no basis for trial counsel to request a Richardson hearing. Whether the recording was disclosed in discovery is a factual determination, and this Court must defer to factual findings of the State court. Trial counsel's motion for a Richardson hearing would have been without merit, and not making the motion is not deficient performance by counsel. <u>See</u> <u>Chandler</u> at 913-14.

     All seven of Petitioner's claims fail to show trial counsel was ineffective or that the State court misapplied <u>Strickland</u>. Petitioner's claim of ineffective assistance of trial counsel will be denied.

**GROUND THREE - INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**

Petitioner, in ground three, asserts that his appellate counsel was ineffective because she did not raise the following issues: (1) that the jury did not come to a unanimous verdict; and (2) ineffective assistance of trial counsel.

The standard for ineffective assistance of appellate counsel is essentially the same as the Strickland standard used to evaluate whether trial counsel rendered ineffective assistance. The test for establishing appellate counsel's ineffectiveness is: (1) deficient performance; and (2) but for appellate counsel's deficient performance, petitioner would have prevailed on appeal. See Shere v. Sec. Dept. Of Corrections, 537 F.3d 1304 (11th Cir. 2008)(citations omitted). The Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues. Eagle v. Linahan, 279 F.3d 926, 940 (11th Cir. 2001)(citing Jones v. Barnes, 463 U.S. 745, 751 (1983)).

Appellate counsel did not raise the issue on direct appeal of trial counsel failing to object to the verdict not being unanimous. As discussed above, the post-conviction court held a hearing at which the court reporter testified that she had mistakenly transcribed the polling of the jury. The court found the supplemental trial transcript was the true and accurate transcript. Even if the issue had been raised, Petitioner would not have prevailed on appeal.

Petitioner also alleges ineffective assistance of appellate counsel for not raising the issue of ineffective assistance of trial counsel. Petitioner's allegation is factually erroneous. In the direct appeal, the issue of ineffective assistance of trial counsel was raised. The

appellate court affirmed the trial court without opinion, therefore not finding any merit to the issues raised in the appeal.

Petitioner's claims of ineffective assistance of appellate counsel are without merit and will be denied.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-1153.deny 2254.wpd*